IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01547 RPM-PAC

THE TRIZETTO GROUP, INC., a Delaware
corporation,

    Plaintiff,

v.

DATAFUZION, INC., a Colorado corporation; and
DOUG DAVIS;

    Defendants

and

DATAFUZION, Inc.

    Counterclaim Plaintiff

v.

THE TRIZETTO GROUP, INC.,
 a Delaware corporation;
MARK TOMAINO;
DOUG GOETZ;
CHARLES GAUGHAN;
JEFF PRICE;
DUFFY RICHARDSON; and
CARL DOUGLAS.

    Counterclaim Defendants.

# ANSWER AND COUNTERCLAIM

-1-

## ANSWER

Datafuzion, Inc. and Doug Davis (collectively "Defendants"), by and through their counsel, Thomas F. Quinn, P.C., submit the following Answer to Plaintiff's First Amended Complaint (the "First Amended Complaint"):

### FIRST DEFENSE

1. Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 1 of the First Amended Complaint, and accordingly deny those allegations.

2. Defendants admit the allegations of paragraph 2 of the First Amended Complaint.

3. Defendants admit that Doug Davis, Chief Executive Officer of DataFuzion, in an individual and deny the remaining allegations of paragraph 3 of the First Amended Complaint.

4. Defendants admit the allegations of paragraph 4 of the First Amended Complaint.

5. Defendants admit the allegations of paragraph 5 of the First Amended Complaint.

6. Defendants admit the allegations of paragraph 6 of the First Amended Complaint.

7. By this reference, Defendants incorporate their response to the allegations of paragraphs 1-6 of the First Amended Complaint set forth above, as though set forth herein, as their response to the allegations of paragraph 7 of the First Amended Complaint.

8. Defendants admit the allegations of paragraph 8 of the First Amended Complaint.

9. Defendants admit that Mr. Tamaino and other representatives of TriZetto represented TriZetto in the negotiations between DataFuzion and TriZetto. Defendants deny all other allegations of paragraph 9 of the First Amended Complaint.

10.     Defendants admit that the Asset Purchase Agreement, as written, required DataFuzion to make a cash payment at the closing of the sale, but deny that the Asset Purchase Agreement, as written, incorporated all of the terms of the agreements between the parties, or that there was a "Closing" as contemplated under the Asset Purchase Agreement. Accordingly, except as expressly admitted herein, Defendants deny the allegations of paragraph 10 of the First Amended Complaint.    11.     Defendants deny the allegations of paragraph 11 of the First Amended Complaint.

12.     Defendants deny the allegations of paragraph 12 of the First Amended Complaint.

13.     Defendants admit the allegations of paragraph 13 of the First Amended Complaint.

14.     Defendants admit the allegations of paragraph 14 of the First Amended Complaint.

15.     Defendants deny the allegations of paragraph 15 of the First Amended Complaint.

16.     Defendants deny the allegations of paragraph 16 of the First Amended Complaint.

17.     Defendants admit that TriZetto accepted the First Note and that the transaction was substantially consummated, but deny that TriZetto acted in reliance upon the alleged representations. Accordingly, except as expressly admitted, Defendants deny the allegations of paragraph 17 of the First Amended Complaint.

18.     Defendants admit the allegations of paragraph 18 of the First Amended Complaint.

19.     Defendants deny the allegations of paragraph 19 of the First Amended Complaint.

20.     Defendants deny the allegations of paragraph 20 of the First Amended Complaint.

21.     Defendants deny the allegations of paragraph 21 of the First Amended Complaint.

22.     Defendants deny the allegations of paragraph 22 of the First Amended Complaint.

23. Defendants admit the allegations of paragraph 23 of the First Amended Complaint.

24. Defendants deny the allegations of paragraph 24 of the First Amended Complaint.

25. Defendants deny the allegations of paragraph 25 of the First Amended Complaint.

26. Defendants deny the allegations of paragraph 26 of the First Amended Complaint.

27. Defendants deny the allegations of paragraph 27 of the First Amended Complaint.

28. Defendants deny the allegations of paragraph 28 of the First Amended Complaint.

29. Defendants deny the allegations of paragraph 29 of the First Amended Complaint.

30. Defendants deny the allegations of paragraph 30 of the First Amended Complaint.

31. Defendants deny the allegations of paragraph 31 of the First Amended Complaint.

32. Defendants deny the allegations of paragraph 32 of the First Amended Complaint.

33. Defendants admit the allegations of paragraph 33 of the First Amended Complaint.

34. Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and accordingly deny those allegations

35. Defendants admit the allegations of paragraph 35 of the First Amended Complaint.

36. Defendants allege and admit that the Second Note speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants allege and admit that the Second Note speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants admit the allegations of paragraph 38 of the First Amended Complaint.

39. Defendants admit the allegations of paragraph 39 of the First Amended Complaint.

40. Defendants deny the allegations of paragraph 40 of the First Amended Complaint.

41. Defendants allege and admit that the Second Note speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants admit the allegations of paragraph 42 of the First Amended Complaint.

43. Defendants deny the allegations of paragraph 43 of the First Amended Complaint.

44. Defendants deny the allegations of paragraph 44 of the First Amended Complaint.

45. Defendants allege and admit that the Second Note speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 45 of the Complaint.

46. By this reference, Defendants incorporate their response to the allegations of paragraphs 1-45 of the First Amended Complaint set forth above, as though set forth herein, as their response to the allegations of paragraph 46 of the First Amended Complaint

47. Defendants admit the allegations or paragraph 50 of the First Amended Complaint.

48. Defendants deny the allegations or paragraph 48 of the First Amended Complaint. Specifically, for example, Defendants allege that TriZetto did not perform its obligations under the Asset Purchase Agreement.

49. Defendants deny the allegations or paragraph 49 of the First Amended Complaint.

50. Defendants deny the allegations or paragraph 47 of the First Amended Complaint.

51. Defendants deny the allegations of paragraph 51 of the First Amended Complaint.

52. Defendants deny the allegations of paragraph 52 of the First Amended Complaint.

53. By this reference, Defendants incorporates their response to the allegations of paragraphs 1-52 of the First Amended Complaint set forth above, as though set forth herein, as their response to the allegations of paragraph 53 of the First Amended Complaint.

54. Defendants deny the allegations of paragraph 54 of the First Amended Complaint.

55. Defendants deny the allegations of paragraph 55 of the First Amended Complaint.

56. Defendants deny the allegations of paragraph 56 of the First Amended Complaint.

57. Defendants deny the allegations of paragraph 57 of the First Amended Complaint.

58. Defendants deny the allegations of paragraph 58 of the First Amended Complaint.

59. Defendants deny the allegations of paragraph 59 of the First Amended Complaint.

60. Defendants deny the allegations of paragraph 60 of the First Amended Complaint.

## SECOND DEFENSE

61. The First Amended Complaint and each of the claims for relief asserted therein fails to state a claim for relief against Defendants.

## THIRD DEFENSE

62. Plaintiff's claims as set forth in the First Amended Complaint are subject to offsets arising from Plaintiff's breach of the Asset Purchase Agreement.

## FOURTH DEFENSE

63. Plaintiff procured the execution of the First Note and the Second Note by fraud.

## FIFTH DEFENSE

64. DataFuzion's obligations under the Second Note are subject to credits and offsets arising from TriZetto's retention of collateral for the Second Note in whole or partial satisfaction of that Note. To the extent the Second Note is satisfied, all of Plaintiff's damages are discharged.

**REQUEST FOR RELIEF**

Wherefore, Defendants DataFuzion, Inc., and Douglas P. Davis. request the Court to enter its Order dismissing the First Amended Complaint with prejudice, awarding Defendants their costs of this action, and granting Defendants such other and further relief as the Court deems proper.

**COUNTERCLAIM**

Datafuzion, Inc. ("DataFuzion") by and through its counsel, Thomas F. Quinn, P.C., asserts the following Counterclaim against Plaintiff TriZetto Group, Inc. ("TriZetto"), Mark Tamaino, Doug Goetz, Charles Gaughan, Jeff Price, Duffy Richardson, and Carl Douglas (referred to herein by name, or as collectively the "Individual Defendants").

**FIRST CLAIM FOR RELIEF**

1. On or about January 1, 2005, DataFuzion and TriZetto entered into negotiations relating to the purchase by DataFuzion and sale by TriZetto of substantially all of the assets utilized by TriZetto in certain aspects of TriZetto's health care provider and physician practice group services business.

2. DataFuzion's primary representative in the negotiations with TriZetto by Douglas P. Davis.

3. TriZetto was represented in the negotiations with DataFuzion by the Individual Defendants. The Individual Defendants acted collectively as a "team" on behalf of TriZetto with respect to TriZetto's negotiations with DataFuzion.

4. Counterclaim Defendant Mark Tamaino was at all times relevant to this action an employee of TriZetto and authorized to act on behalf of TriZetto with respect to its dealings with DataFuzion.

5. Counterclaim Defendant Doug Goetz was at all times relevant to this action an employee of TriZetto and authorized to act on behalf of TriZetto with respect to its dealings with DataFuzion.

6. Counterclaim Defendant Charles Gaughan was at all times relevant to this action an employee of TriZetto and authorized to act on behalf of TriZetto with respect to its dealings with DataFuzion.

7. Counterclaim Defendant Jeff Price was at all times relevant to this action an employee of TriZetto and authorized to act on behalf of TriZetto with respect to its dealings with DataFuzion.

8. Counterclaim Defendant Duffy Richardson was at all times relevant to this action an employee of TriZetto and authorized to act on behalf of TriZetto with respect to its dealings with DataFuzion.

9. Counterclaim Defendant Carl Douglas was at all times relevant to this action an employee of TriZetto and authorized to act on behalf of TriZetto with respect to its dealings with DataFuzion.

10. From the initiation of negotiations between DataFuzion and TriZetto through the consummation of the transaction, DataFuzion expressed interest in the assets offered by TriZetto

only if the assets could be purchased on a net positive cash flow basis, *i.e.*, that the purchase would result in a positive addition to DataFuzion's net cash flow.

11. On or about June 29, 2005, DataFuzion and TriZetto each executed counterparts of an Asset Purchase Agreement for the purchase of TriZetto's assets utilized by TriZetto in certain aspects of TriZetto's health care provider and physician practice group services business, with the contemplation that schedules constituting a material part of the agreement would be appended to the Asset Purchase Agreement as an integrated whole.

12. The transaction contemplated in the Asset Purchase Agreement was substantially consummated by the exchange of exhibits and closing deliveries during the month of July, 2005.

13. DataFuzion entered into and consummated the Asset Purchase Agreement in reliance upon a series of oral and written representations made by the Individual Defendants, separately and in concert, to the effect that the operations of the business by TriZetto was conducted on a positive net cash basis. These representations included specific as well as general representations of the revenues received and expenses incurred by TriZetto in connection with the operation of the business segment being acquired.

14. The purchase price for the assets acquired by DataFuzion pursuant to the Asset Purchase Agreement was determined by TriZetto and DataFuzion based upon TriZetto's representations of its historical expenses and revenues from operations of the subject business segment, projected into the future.

15. Representations of the expenses incurred by TriZetto in connection with the health care provider and group medical business segment included the following:

      a.      Email and embedded attachments from Mark Tomaino to Douglas P. Davis dated January 12, 2004;

      b.      Email and embedded attachments from Mark Tomaino to Douglas P. Davis dated February 9, 2004;

      c.      Email and embedded attachments from Charles Gaughan to Douglas P. Davis dated February 13, 2004;

      d.      Email and embedded attachments from Charles Gaughan to Douglas P. Davis dated February 18, 2004;

      e.      Email and embedded attachments from Doug Goetz to Douglas P. Davis (with copies indicated to Mark Tomaino, Charles Gaughan, and Jeff Price, dated March 25, 2004.

      f.       Email and embedded attachments from Mark Tomaino to Douglas P. Davis dated April 15, 2004;

      g.      Email and embedded attachments from Doug Goetz to Douglas P. Davis dated April 14, 2004;

      h.      Email and embedded attachments from Mark Tomaino to Doug Davis (with copies provided indicated to Doug Goetz, Jeff Price, and Ron Scarboro.) dated June 4, 2004.

16.      TriZetto and the Individual Defendants intended that DataFuzion rely upon their representations described above in negotiating and consummating the Asset Purchase Agreement.

17.      The Individual Defendants and TriZettoo knew that their representations of operating expenses were not complete or accurate.

18.     DataFuzion made reasonable efforts to verify the representations of TriZetto and the Individual Defendants but was effectively precluded from verifying certain of the expenses represented to DataFuzion by the fact that TriZetto did not maintain separate accounting for such expenses with respect to the business operations being acquired by DataFuzion.  With respect to such expenses, DataFuzion reasonably relied upon the representations of the Individual Defendants on behalf of TriZetto.

19.      The cost accounting provided by TriZetto and the Individual Defendants failed to include or understated material costs actually incurred by TriZetto.   TriZetto disclosed aggregate costs of $7,576.00 per month, when TriZetto's actual costs were not less than $18,000 per month for the indicated expenses.

20.     Following the substantial consummation of the Asset Purchase Agreement, TriZetto and the Individual Defendants continued to hide from the existence of the undisclosed expenses associated with TriZetto's business from DataFuzion.  DataFuzion first learned of many of the costs in February and after February of 2005.

21. DataFuzion was damaged by the misrepresentations of TriZetto and the Individual Defendants *inter alia*, by entering into the Asset Purchase Agreement, and agreeing to purchase the assets pursuant to the terms of the Asset Purchase Agreement at a price which exceeded the value of those assets by an amount not less than $600,000.

### REQUEST FOR RELIEF

Wherefore,  DataFuzion, Inc. requests the Court to enter judgment in favor of DataFuzion and against Counterclaim Defendants The TriZetto Group, Inc. Mark Tamaino, Doug Goetz, Charles

Gaughan, Jeff Price, Duffy Richardson, and Carl Douglas, jointly and severally, in an amount of actual damages to be determined at trial, awarding DataFuzion its costs of this action, prejudgment and post-judgment interest, and exemplary damages in an amount proportionate to DataFuzion's actual damages, and sufficient to punish Counterclaim Defendants misconduct and deter like conduct in the future, and granting DataFuzion such other and further relief as the Court deems proper.

Dated: March 20, 2006

Respectfully submitted,

By: *s/ Thomas F. Quinn*
_____
Thomas F. Quinn
THOMAS F QUINN, P.C.
1600 Broadway Ste 1675
Denver CO 80202
Phone: 303.832.4355
Fax: 303.672.8281
Email: tquinn@tfqlaw.com

Attorneys for Defendants and
Counterclaim Plaintiff DataFuzion, Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

richard.gabriel@hro.com
sven.collins@hro.com

                                        *s/ Thomas F. Quinn*
                                        Thomas F. Quinn
                                        Attorney for Plaintiff
                                        THOMAS F QUINN PC
                                        1600 Broadway Ste 1675
                                        Phone: 303.832.4355
                                        Fax: 303.672.8281
                                        tquinn@tfqlaw.com